# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 23-104V

| | |
|---|---|
| DUANE F. POMEROY,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: June 6, 2025 |

*Anthony Louis DeWitt, Bartimus Frickleton Robertson Rader, P.C., Leawood, KS,* for Petitioner.

*Adam Nemeth Muffett, U.S. Department of Justice, Washington, DC,* for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On January 26, 2023, Duane F. Pomeroy filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered from Guillain-Barré syndrome as a result of an influenza vaccine administered to him on October 21, 2020. Petition, ECF No. 1. On October 4, 2024, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 33.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $42,062.41 (representing $41,065.67 in attorney's fees, plus $996.74 in litigation costs and interest charges). Application for Attorneys' Fees and Costs ("Motion") filed November 26, 2024, ECF No. 39. Furthermore, counsel for Petitioner represents that Petitioner incurred no personal out-of-pocket expenses as litigation costs and expenses related to records retrieval and filing fees were incurred by the firm. ECF No. 39 at 4.

Respondent reacted to the Motion on December 2, 2024, stating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Motion at 2-3, ECF No. 40. Petitioner filed a reply requesting that I award fees and costs as are found to be reasonable. ECF No. 41 at 2.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees and costs to be awarded appropriate, for the reasons listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees

2

and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ANALYSIS

*A. Attorney Hourly Rates*

Petitioner requests I endorse the hourly rate of $500.00 for work performed by his attorney, Anthony L. DeWitt, in the 2021-24 timeframe, and the paralegal rates of $177.00 for time billed in 2022; $186.00 for 2023; and $190.00 for 2024. The paralegal rates proposed herein are reasonable and shall be adopted. But the rates requested for attorney DeWitt require further evaluation.

Mr. DeWitt represents he was admitted to the Missouri Bar in 1993 (ECF No. 39 at 3), placing him in the range of attorneys with over 28 years of experience based on OSM's Fee Schedules.[3] But his proposed rate exceeds the Fee Schedule's published range for 2021, and for years 2022-23 his proposed rate falls on the higher end of the range. Although Mr. DeWitt has been admitted to the Court since 2000, this matter appears to be only his second Vaccine Table case. Experience with Program cases is relevant to what hourly rates an attorney should receive. *See McCulloch v. Health and Human Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large).

It is therefore improper for Mr. DeWitt to receive rates on the higher end of the experience ranges, when those rates are established for comparably experienced counsel who *also* have lengthy experience representing Petitioners in the Program. Accordingly, based on the factors relevant to determining proper hourly rates, **I find it reasonable to award Mr. DeWitt the lower rate of $475.00 for his time billed in the 2021-23 timeframe. For work performed in 2024, however, the proposed rate of**

---

[3] The OSM Attorneys' Forum Hourly Rate Fee Schedules are available on the U.S. Court of Federal Claims website at https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules

**$500.00 is appropriate and shall be awarded. Application of the foregoing reduces the amount of fees to be awarded herein by $1,184.50.**[4]

### B. Paralegal Tasks Billed at Attorney Rate

There are several instances in which tasks that are considered paralegal in nature were improperly billed using the attorney hourly rates.[5] Counsel should note that "[t]asks that can be completed by a paralegal or a legal assistant should not be billed at an attorney's rate." See *Riggins v. Sec'y of Health & Human. Servs.*, No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. June 15, 2009). *Turpin v. Sec'y of Health & Human. Servs.*, No. 99-535, 2008 WL 5747914, at *5-7 (Fed. Cl. Spec. Mstr. Dec. 23, 2008). "[T]he rate at which such work is compensated turns not on who ultimately performed the task but instead turns on the nature of the task performed." *Doe/11 v. Sec'y of Health & Hum. Servs.*, No. XX-XXXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010). Although the work performed was reasonable, it cannot be billed at an attorney-level rate.

### C. Intra-Office Communication

The billing records also reveal a common practice of excessive intra-office communications and redundant billing entries between Mr. DeWitt and his supporting paralegal while performing work on the same tasks.[6] Such billing practices suggest some degree of unnecessary overlap and inefficiency. It is well established that attorney's fees may be reduced due to duplicative billing practices. See *Tetlock* v. *Sec'y of Health & Human Servs.*, No. 10-56, 2017 WL 5664257 (Fed. Cl. Spec. Mstr. Nov. 1, 2017) (reduced counsel's overall fee award for excessive and duplicative billing); *Panaitescu* v. *Sec' y of Health & Human Servs.*, No. 16-753V, 2017 WL 4876036 (Fed. Cl. Spec. Mstr. Oct. 2,

---

[4] This amount is calculated as ($500.00 - $475.00 = $25.00 x 47.38 hrs.) = $1,184.50.

[5] Some examples of tasks considered paralegal in nature: 2/2/23: "Call regarding records at Stormont." 6/30/23: "Working on Exhibits and Exhibit List." 7/26/23: "Email regarding outstanding records." 7/27/23: "Filing Motion for Additional Time in Vaccine Court." 9/11/23: "Draft statement of completion." 4/3/24: "Additional Exhibits and Exhibit list filed in Court." 6/25/24: "Filing Status Report." See ECF No. 39-2.

[6] Examples of intra-office communications billed by paralegal: 1/30/23 (four entries): "Email from ALD re certification of records; Email to/from ALD re certification Walgreens & SVH; Email from ALD re certification of SVH; Email from ALD re updated affidavits." 1/31/23 (three entries): Email to/from ALD re certifications/affidavits; Email to/from ALD re Garfield Clinic affidavit/Walgreens affidavit; email to ALD re certifications received." 2/1/2023 (six in-firm entries); 2/8/23 (four in-firm entries); 2/9/23; 2/28/23; 3/15/23; 3/20/23; 6/8/23; 7/26/23; 7/27/23; 9/27/23; 2/26/24; 3/19/24. See ECF No. 39-3. Examples of intra-office communications billed by attorney DeWitt: 1/19/22; 2/22/22 (three entries); 3/25/22; 5/2/22 (two entries); 8/31/22 (three entries); 1/31/23; 2/1/23 (two entries); 7/6/23; 7/19/23; 7/20/23; 7/26/23. 2/12/24. *Id.* 39-2.

2017) (reduced counsel's overall fee award due to billing for excessive email correspondence with the client and with each other); See also *Ericzon* v. *Sec'y of Health & Human Servs.*, No. 10–103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced counsel's overall fee award by 10 percent due to excessive and duplicative billing).

### D. Non-Compensable Tasks

Additionally, attorney DeWitt billed 1.41 hours performing basic research regarding the Vaccine Program. However, "[I]t is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No. 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). "An inexperienced attorney may not ethically bill his client to learn about an area of law in which he is unfamiliar. If an attorney may not bill his client for this task, the attorney may also not bill the Program for this task." *Carter v. Sec'y of Health & Human Servs.*, No. 04-1500V, 2007 WL 2241877, at *5 (Fed. Cl. Spec. Mstr. July 13, 2007).

### E. Summary of Fee Reduction

In determining a fees award, a special master has discretion to exclude hours expended that are "'excessive, redundant, or otherwise unnecessary,'" based on the special master's "experience or judgment." *Hocraffer v. HHS*, No. 99-533V, 2011 WL 6292218, at *3 (Fed. Cl. Nov. 22, 2011). And in evaluating a motion for attorney's fees and costs, special masters "need not, and indeed should not, become green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838, 131 S.Ct. 2205, 180 L.Ed.2d 45 (2011). Instead, in appropriate circumstances they may make reasonable, across-the-board percentage adjustments.

Here, such an overall percentage cut is reasonable, and preferable to a time-consuming, line-by-line review of the bill. I therefore reduce the total fees to be awarded herein by *ten percent* as a fair adjustment to account for the billing issues. Application of the foregoing reduces the total fees to be awarded herein by **$3,988.12**.[7]

---

[7] This amount is calculated as follows and accounts for Mr. DeWitt's newly awarded hourly rate: ($39,881.17 x 0.10) = $3,988.12.

*F. Litigation Costs*

Petitioner also requests $859.16 in overall costs. ECF No. 39-4. Such costs reflect the expenses of obtaining medical records and the Court's filing fee. Petitioner has provided supporting documentation for all claimed costs at ECF No. 43-1. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

*G. Interest Charges*

Petitioner has also requested reimbursement of $137.58 in interest charges on Petitioner's outstanding fees balance between 2022-24. See ECF No. 39-4. However, it is well established that "[a]s a general matter, 'interest cannot be recovered in a suit against the [g]overnment in the absence of an express waiver of sovereign immunity from an award of interest.'" *Raymo v. Sec'y of Health & Human. Servs.,* 129 Fed. Cl. 691, at 706 (2016), citing *Preseault* v. *U.S.*, 52 Fed. Cl. 667 (2002); Response at 3. Thus, the Vaccine Act "does not provide for an award related to interest accumulated on those fees and costs." *Raymo*, at 706; Response at 3, n.1. **Accordingly, I hereby deny reimbursement of any interest incurred in this matter, reducing the costs to be awarded by $137.58.**

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. **I award a total of $36,752.21 (representing $35,893.05 in fees plus $859.16 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[8]
**IT IS SO ORDERED.**

                                                                             **s/Brian H. Corcoran**
                                                                             Brian H. Corcoran
                                                                             Chief Special Master

---

[8] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.